**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-3029
_____

SEAN DONAHUE,
                                    Appellant

v.

CITY OF HAZLETON, PA; FRANK V. DEANDREA; JOHN LEONARD;
DAVID COFFMAN; JASON ZOLA; DARRYL LEDGER; KEVIN WAGNER;
KIRK L. WETZEL; MARK ZOLA; THOMAS KING;
WILLIAM GALLAGHER; KENNETH ZIPOVSKY;
HPD SPECIAL OPERATIONS OFFICERS JOHN AND JANE DOES
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3:14-cv-01351)
District Judge:  Honorable Malachy E. Mannion
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 1, 2023

Before:  JORDAN, PHIPPS, and NYGAARD, <u>Circuit Judges</u>

(Opinion filed: November 3, 2023)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Appellant Sean Donahue, proceeding pro se, appeals from multiple dispositive and evidentiary District Court orders. For the following reasons, we will affirm the judgment of the District Court.

In 2012, the Hazleton Police Department conducted a raid on Donahue's home, which resulted in his arrest and subsequent conviction for terroristic threats. See Commonwealth v. Donahue, No. 1949 MDA 2017, 2018 WL 4001623, at *2 (Pa. Super. Ct. Aug. 22, 2018). In 2014, Donahue sued numerous police officers in relation to the raid, pursuant to 42 U.S.C. § 1983. Dkt. No. 1. He alleged violations of the First, Fourth, and Fifth Amendments, including claims of excessive force and unlawful takings. Id. at 19-36. He also alleged a municipal liability claim against the City of Hazleton under Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658 (1978). Id. at 18.

The District Court stayed the case until 2018, when the Superior Court affirmed Donahue's conviction. The defendants moved for summary judgment. Dkt. No. 80. The District Court granted the motion on all claims except Donahue's excessive force claim and its associated Monell claim, which were based on Donahue's allegations that defendants aimed weapons at him while he was handcuffed. Dkt. Nos. 105, 129, 130. The case proceeded to trial, and the District Court granted defendants' Rule 50 motion on Donahue's Monell claim. Dkt. No. 299 at 151. The jury then found in favor of the defendants on Donahue's remaining excessive force claim. Dkt. Nos. 294. Donahue

2

timely filed motions for a new trial and to alter or amend judgment, which the District Court denied. Dkt. Nos. 301, 305, 312-13. Donahue filed a timely notice of appeal. Dkt. No. 315.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's grant of summary judgment and judgment as a matter of law. See Kars 4 Kids v. Am. Can!, 8 F.4th 209, 218 n.8 (3d Cir. 2021); Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 265 (3d Cir. 2014). We review evidentiary rulings for abuse of discretion. See United States v. Starnes, 583 F.3d 196, 213-14 (3d Cir. 2009).

On appeal, Donahue argues that the District Court erred in granting the defendants judgment as a matter of law on his Monell claim. C.A. Dkt. No. 26 at 25-26, 29-38, 73-75. He contends that the evidence presented at trial demonstrated that the City failed to train its officers to avoid civil rights violations during arrests. Id. at 26, 29-33, 74. Although failure-to-train can be a cognizable basis for municipal liability, it generally requires that a "pattern of similar constitutional violations by untrained employees" have occurred, sufficient to put the policymaker on notice of a training deficiency. Connick v. Thompson, 563 U.S. 51, 62 (2011) (citation omitted). Here, Donahue did not identify a single prior excessive force violation to put the City on notice of a need for additional training. Although Donahue argues that the City's "Use of Force" policy could potentially lead to civil rights violations, C.A. Dkt. No. 26 at 30-34, a pattern of actual

3

violations is required—not a speculative risk of a violation,[1] see Connick, 563 U.S. at 62-63; see also Johnson v. City of Philadelphia, 975 F.3d 394, 403 (3d Cir. 2020) ("Accidents occur . . . [b]ut the Monell inquiry asks whether a municipality was deliberately indifferent to the risk of a *constitutional violation*.").

Donahue also argues that the District Court erred in granting summary judgment for the defendants on his Fifth and Fourteenth Amendment takings claim. C.A. Dkt. No. 26 at 28, 68-69, 86. We disagree. First, Donahue could not proceed under the Fifth Amendment because he did not allege that any federal actor was involved. See B & G Const., Inc. v. Dir., Office of Workers' Comp. Programs, 662 F.3d 233, 246 n.14 (3d Cir. 2011). Second, as to his Fourteenth Amendment claim, no federal constitutional procedural due process violation is stated where adequate procedures are available to a plaintiff to redress his injury. See Hudson v. Palmer, 468 U.S. 517, 533 (1984). Donahue has an adequate remedy for wrongs committed by state officials through the Pennsylvania Tort Claims Act. See 42 Pa. Cons. Stat. §§ 8522(b)(3), 8542(b)(2), 8550. Although Donahue alleges that defendants refuse to follow a state judge's order regarding his property, he can file a claim under the PTCA or a motion pursuant to Pennsylvania Rule of Criminal Procedure 588 for the return of that property.

---

[1] To the extent he argues otherwise, Donahue also failed to present any evidence of a policy or custom of the City that would render it liable for an excessive force violation under Monell. See Mann v. Palmerton Area Sch. Dist., 872 F.3d 165, 175 (3d Cir. 2017).

Donahue challenges numerous District Court evidentiary rulings, wherein the District Court deemed Donahue's proposed exhibits inadmissible or rejected his requests for subpoenas.[2] C.A. Dkt. No. 26 at 25-28, 44-60, 63-64, 67-68, 74-86. Those rulings were largely based on the irrelevance of the proposed evidence to Donahue's surviving— and narrow—excessive force claim regarding the defendants' alleged conduct while he was handcuffed. See Dkt. No. 129 at 15; Dkt. Nos. 197, 248, 275. We discern no abuse of discretion by the District Court, as it was reasonable to conclude that the proposed evidence was of no consequence to the remaining claim.[3] See Fed. R. Evid. 401; Ansell v. Green Acres Contracting Co., Inc., 347 F.3d 515, 519 (3d Cir. 2003) ("We will not disturb a trial court's exercise of discretion unless no reasonable person would adopt the district court's view." (citation omitted)).

Finally, Donahue contends on appeal that defendants lied during trial. C.A. Dkt. No. 26 at 26-28, 38-44, 61-67, 83-85. He is not entitled to relief based on these

---

[2] These rulings included the preclusion of a South African news segment, video of Donahue's home after the raid, a report about carbon monoxide in his home during the raid, and photographs of an unrelated police incident, as well as testimony about those topics. Donahue challenged these rulings in the District Court prior to and following trial. See Dkt. Nos. 257, 260, 263, 266, 269, 301, 305.

[3] Donahue also asserts that the trial court erred by "repeatedly scolding" him in front of the jury when making the evidentiary rulings. C.A. Dkt. No. 26 at 26-27, 35-36, 44, 58-59, 67-68, 73-78. We disagree, especially because the contested comments were responses to Donahue's efforts to press beyond the bounds the District Court had set. See United States v. Olgin, 745 F.2d 263, 268-69 (3d Cir. 1984) (outlining the factors used to determine if a trial court's remarks would "unduly influence a jury").

allegations, as a court must not substitute its judgment regarding witness credibility for that of the jury, especially on appeal.  See William A. Graham Co. v. Haughey, 646 F.3d 138, 143 (3d Cir. 2011).  To the extent he argues otherwise, Donahue has not met the "stringent standard" of establishing that a miscarriage of justice would result if the jury's verdict stands.[4]  See Sheridan v. E.I. DuPont de Nemours & Co., 100 F.3d 1061, 1076 (3d Cir. 1996).

Accordingly, we will affirm the judgment of the District Court.

---

[4] Donahue also cursorily argues that the District Court erred by preventing him from presenting character witnesses from around the country.  C.A. Dkt. No. 26 at 28, 68, 86. Donahue provided no support for this assertion, so he has forfeited the argument.  See In re Wettach, 811 F.3d 99, 115 (3d Cir. 2016).